1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  JULIE L. GARLAND
   Senior Assistant Attorney General
4  ANYA M. BINSACCA
   Supervising Deputy Attorney General
5  AMBER N. WIPFLER, State Bar No. 238484
   Deputy Attorney General
6   455 Golden Gate Avenue, Suite 11000
    San Francisco, CA 94102-7004
7   Telephone: (415) 703-5721
    Fax: (415) 703-5843
8   Email: Amber.Wipfler@doj.ca.gov

9  Attorneys for Respondent Warden B. Curry

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| **ARTEMIO ARROYO,**<br><br>Petitioner,<br><br>v.<br><br>**BEN CURRY, Warden,**<br><br>Respondent. | C 07-3718 SBA (pr)<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Judge: The Honorable Saundra B. Armstrong |

TO PETITIONER ARTEMIO ARROYO, IN PRO SE:

PLEASE TAKE NOTICE that Respondent Ben Curry, Warden of the Correctional Training Facility, moves this Court to dismiss the Petition for Writ of Habeas Corpus pursuant to Rule 4 of the Federal Rules Governing Habeas Cases, on the grounds that Petitioner has procedurally defaulted. This motion is based on the notice and motion, the supporting memorandum of points and authorities, the court records in this action, and other such matters properly before this Court. No hearing is requested.

/ / /

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

Petitioner Artemio Arroyo is a California state inmate serving an indeterminate life sentence for second degree murder. He alleges that the Board of Parole Hearings unconstitutionally denied him parole at his 2003 parole consideration hearing. However, because the state courts denied him relief based on a state procedural bar, the doctrine of procedural default precludes him from obtaining federal habeas relief. Accordingly, the Petition should be dismissed.

### LEGAL STANDARD

When presented with a petition for writ of habeas corpus, district court judges may order the respondent to file an answer, motion, or "take such other action as the judge deems appropriate." Federal Rules Governing § 2254 Cases, Rule 4. Specifically, judges may authorize a respondent to make a motion to dismiss in order to "avoid burdening the respondent with the necessity of filing an answer on the substantive merits of the petition." *Id.*; *see also Lonchar v. Thomas*, 517 U.S. 314, 324 (1996) (recognizing as proper a motion to dismiss federal habeas petition for failure to exhaust state remedies).

### ARGUMENT

### I.

### THE HABEAS PETITION IS BARRED BY THE DOCTRINE OF PROCEDURAL DEFAULT.

Under the doctrine of procedural default, a federal court will not review the merits of claims in a petition for writ of habeas corpus if the state court has denied relief on those claims on a state law ground that is independent of federal law and adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). In the habeas context, the application of this doctrine is grounded in concerns of comity and federalism. *Id.* at 730. Without the procedural default rule, "habeas would offer state prisoners whose custody was supported by independent and adequate state grounds an end run around the limits of [the Supreme Court's] jurisdiction and a means to undermine the State's interest in enforcing its laws." *Id.* at 730-31. Hence, procedural default will block a federal habeas claim so long as the state court "clearly and expressly states that its judgment

1  rests on a state procedural bar." *Harris v. Reed*, 489 U.S. 255, 263 (1989).

2  Here, the San Joaquin County Superior Court did not examine Petitioner's habeas claim on the merits. Rather, the court denied the petition as successive under *In re Clark*, 5 Cal. 4th 750, 744 (1993). The court noted Petitioner had filed an identical claim two years earlier, and that under *Clark*, a petitioner presenting a successive petition must justify the piecemeal presentation of claims. (Ex. A, 2006 Superior Court Order.) Because Petitioner failed to present any such justification, the court denied his petition. (*Id.*) Petitioner's subsequent petitions to the California Court of Appeal and California Supreme Court were summarily denied. (Ex. B, 2006 Appellate Court Order; Ex. C, 2006 Supreme Court Order.)

Thus, in its last reasoned decision, the state court "clearly and expressly" rejected Petitioner's habeas petition as successive under *Clark*, 5 Cal. 4th at 744. As this constitutes an independent state ground adequate to bar review, the Petition is barred under the doctrine of procedural default. *Coleman*, 501 U.S. 722.

## II.

### PETITIONER BEARS THE BURDEN OF DEMONSTRATING THE INADEQUACY OF THE STATE COURT'S PROCEDURAL BAR.

Under Ninth Circuit jurisprudence, once the state has adequately pled the existence of an independent and adequate state procedural ground as an affirmative defense, the burden to place that defense in issue shifts to the petitioner. *Bennett v. Mueller*, 322 F.3d 573, 586 (2003). The petitioner may satisfy this burden by asserting specific factual allegations that demonstrate the inadequacy of the state procedure, including citation to authority demonstrating inconsistent application of the rule. *Id.*

Respondent has shown that the state court did not consider Petitioner's habeas claims because his petition was barred by California case law that is independent of federal law and adequate to support the judgment. Accordingly, the burden now rests with Petitioner to prove that California's procedural bar against successive habeas petitions, as set forth in *Clark*, has been inconsistently applied in state habeas proceedings. If Petitioner fails to do so, the Petition must be dismissed under the doctrine of procedural default.

# CONCLUSION

Because the state court denied Petitioner's habeas petition as successive, the current Petition is barred by the doctrine of procedural default. If Petitioner is unable to prove the inadequacy of the state's procedural bar, Respondent respectfully requests that the Petition for Writ of Habeas Corpus be dismissed.

Dated: March 17, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

JULIE L. GARLAND
Senior Assistant Attorney General

ANYA M. BINSACCA
Supervising Deputy Attorney General

AMBER N. WIPFLER
Deputy Attorney General
Attorneys for Respondent Warden B. Curry

40230037.wpd
SF2008400337

# DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   **Arroyo v. Curry**

No.:         **C 07-3718 SBA (pr)**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On <u>March 17, 2008</u>, I served the attached

## NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT (W/EXHIBITS A-C)

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

Artemio Arroyo
C-20149
Correctional Training Facility
P.O. Box 689 - BW-221
Soledad, CA 93960-0686
   *In Pro Per*
   *C-20149*

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on March 17, 2008, at San Francisco, California.

|  |  |
|---|---|
| S. Redd | *S. Redd* |
| Declarant | Signature |

40230113.wpd