IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTEMIO M. ARROYO,<br><br>　　　Petitioner,<br><br>　v.<br><br>BEN CURRY, Warden,<br><br>　　　Respondent.　　　　　　　　　／ | No. C 07-03718 SBA (PR)<br><br>**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS**<br><br>(Docket no. 4) |

On July 19, 2007, Petitioner Artemio Arroyo filed this pro se habeas corpus action pursuant to 28 U.S.C. § 2254, challenging the constitutionality of the denial of his parole by the California Board of Parole Hearings (Board).

On March 17, 2008, Respondent Warden Ben Curry filed a motion to dismiss, alleging that Petitioner's federal petition was procedurally barred (docket no. 4). In an Order dated October 22, 2008, the Court granted an extension of time for Petitioner to file his opposition. Petitioner filed an opposition on November 17, 2008. Respondent filed a reply on December 2, 2008.

For the reasons discussed below, the Court GRANTS Respondent's motion to dismiss.

**BACKGROUND**

In 1980, Petitioner pled guilty to second degree murder and was sentenced to fifteen years to life in prison. (Pet. at 2.) During Petitioner's initial parole consideration hearing in 1989, he was found unsuitable for parole. (Pet., Ex. G.) Since then, Petitioner has had several other parole consideration hearings.

During his February 19, 2003 parole consideration hearing, Petitioner was again deemed unsuitable for parole. (Pet., Ex. A1.) That denial became final on June 8, 2004. (Id.) On December 14, 2004, Petitioner filed a habeas petition in the San Joaquin County Superior Court, challenging the Board's 2003 parole denial. (Pet., Ex. A6.) The state superior court denied the petition on the

ground that there was "some evidence" to support the decision by the Board of Prison Terms[1] to deny parole. (Pet., Ex. A7.) Petitioner then filed a habeas petition in the state appellate court, which was denied on May 12, 2005. (Pet., Ex. A9.) There is nothing in the record that indicates whether Petitioner subsequently filed a habeas petition in the state supreme court.

During Petitioner's July 12, 2005 parole consideration hearing, the Board again found him unsuitable for parole. (Pet., Ex. H.) On January 18, 2006, Petitioner filed a second habeas petition in the state superior court. (Pet., Ex. A10.) In the instant federal petition, Petitioner states that he started this second round of habeas corpus petitions following the California Supreme Court's decision in In re Dannenberg, 34 Cal. 4th 1061 (2005). (Id.) The Court notes that nowhere in his federal petition nor in the attached exhibits did Petitioner claim that his second habeas petition challenged the 2005 parole denial. On March 6, 2006, citing In re Clark, 5 Cal. 4th 750, 774 (Cal. 1993), the state superior court denied the petition as a second and successive petition, stating the following reason:

> Petitioner was convicted of second degree murder in 1980. In February of 2003, the Board of Prison Terms (BPT) denied Petitioner parole. In the December, 2004 petition, Petitioner challenged the BPT's decision asserting that the BPT's action was illegal and unconstitutional. This Court issued a two page order outlining the legal guidelines for such a decision as well as the basis for the decision in Petitioner's case. This Court concluded that habeas corpus relief was not warranted.
>
> Petitioner is making the same assertion in this January 2006 petition.
>
> Before a state court will consider the merits of a second or successive habeas petitions [sic], the Petitioner must justify the piecemeal presentation of habeas claims. In re Clark (1993) 5 C.4th 750, 774. No such justification has been presented. Accordingly, Petitioner has failed to set forth a prima facie showing to warrant habeas corpus relief as to the parole issue. In re Bower (1985) 38 C.3d 865, 872.
>
> Accordingly, the [second habeas] petition is denied.

(Pet., Ex. A10.) Petitioner then filed a habeas petition in the state appellate court, which was summarily denied on April 6, 2006. (Pet., Ex. A12.) Petitioner subsequently sought habeas relief in the California Supreme Court, and his petition was also summarily denied in November 29, 2006. (Pet., Ex. A.)

---

[1] The Board of Prison Terms was abolished effective July 1, 2005, and replaced with the Board of Parole Hearings. Cal. Penal Code § 5075(a).

2

On July 19, 2007, Petitioner filed the present federal habeas petition, alleging that: (1) there was no evidence supporting the Board's finding of parole unsuitability, and (2) the denial of parole breached the plea agreement that Petitioner made with the prosecutor.  (Pet. at 6.)

**DISCUSSION**

Respondent argues that Petitioner is precluded from obtaining federal habeas relief because the state court denied Petitioner relief based on a procedural bar against successive habeas petitions.  (Mot. to Dismiss at 3.)  Meanwhile, Petitioner asserts that his federal petition is not procedurally barred because his first state habeas petition challenged the 2003 parole denial while his second state habeas petition challenged the 2005 denial.  (Opp'n at 2.)  In addition, Petitioner asserts that the procedural bar should not be applied to his federal petition because the rule against successive petitions has not been consistently applied by the state courts.

The procedural default doctrine forecloses federal review of a state prisoner's habeas claims if those claims were defaulted in state court pursuant to an independent and adequate state procedural rule.  See Coleman v. Thompson, 501 U.S. 722, 729-30 (1991) (Federal courts "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment.").  Before following the procedural default doctrine, a federal court must determine that the state court explicitly invoked a state procedural bar as an independent basis for its decision.  Id. at 729.  To be adequate, the state procedural bar must be clear, consistently applied and well-established at the time of the petitioner's purported default.  See id.; Calderon v. United States District Court (Bean), 96 F.3d 1126, 1129 (9th Cir. 1996), cert. denied, 520 U.S. 1204 (1997).  Unless a prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice, federal habeas review of the procedurally defaulted claims is barred.  Coleman, 501 U.S. at 750.

When a state procedural bar is applied by a state trial court and relief is summarily denied by the state's higher courts, a federal court looks to the last reasoned state court decision as the basis for the state court judgment.  Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991) ("Where, as here, the last

1 reasoned opinion on the claim explicitly imposes a procedural default, we will presume that a later
2 decision rejecting the claim did not silently disregard that bar and consider the merits.").

3     Here, the state superior court rejected Petitioner's second habeas petition because it was
4 successive, and Petitioner failed to justify the piecemeal presentation of his habeas claims. (Pet., Ex.
5 A10.) Because the state appellate and supreme courts summarily denied relief, the Court looks to
6 the state superior court's decision as a basis for the judgment. The state superior court's rejection of
7 the claims for a procedural reason requires the Court to determine whether California's procedural
8 bar against successive habeas petitions should be honored. To make that determination, the Court
9 considers whether the bar is independent and adequate, and if so, whether there is a reason not to
10 honor the bar.

### I. California's Bar on Successive Petitions

12     The California Supreme Court bars the repetitious presentation of claims already presented in
13 an earlier adjudicated petition where there has been no change in the facts or law substantially
14 affecting the rights of the petitioner. In re Clark, 5 Cal. 4th 750, 769-770 (1993); Ex parte Miller, 17
15 Cal. 2d 734, 735 (1941). However, prior to In re Clark, those bars were discretionary and not
16 applied consistently. See Siripongs v. Calderon, 35 F.3d 1308, 1317 (9th Cir. 1994), cert. denied,
17 513 U.S. 1183 (1995). They were therefore not independent and adequate state grounds such as to
18 preclude federal review. See id.; see also Bean, 96 F.3d at 1131 (refusing to honor various
19 California bars where default occurred before In re Clark); but see Forrest v. Vasquez, 75 F.3d 562,
20 564 (9th Cir. 1996) (honoring California rule barring untimely petitions for review to Supreme Court
21 of California where "[t]here is nothing to indicate that [it] is not firmly established and consistently
22 applied"). California's procedural bar against successive petitions may become non-discretionary
23 after In re Clark. See Siripongs, 35 F.3d at 1318. However, it may also be subject to the analysis
24 adopted in Park v. California, 202 F.3d 1146, 1153 (9th Cir.), cert. denied, 531 U.S. 918 (2000), as
25 discussed below.

### II. Independence and Adequacy of Bar on Successive Petitions

27     In Coleman, the United States Supreme Court created a conclusive presumption that there is
28 no adequate and independent state ground for a state court decision when (1) the decision "fairly

appears" to be based on federal law, or is interwoven with it, and (2) the adequacy and independence of the state law ground is not clear from the face of the opinion. See Coleman, 501 U.S. at 732-35. That is, "if the decision of the last state court to which the petitioner presented his federal claims fairly appears to rest primarily on resolution of those claims, or to be interwoven with those claims, and did not clearly and expressly rely on an independent and adequate state ground, a federal court may address the petition." Id. at 735; accord Harris v. Reed, 489 U.S. 255, 260-65 (1989); Michigan v. Long, 463 U.S. 1032, 1041 (1983) (direct review); Siripongs, 35 F.3d at 1317.

If the state court does not rely on a potential procedural bar but instead considers the federal claim on the merits, there is of course no procedural default, and the federal court may consider the claim. See Ylst, 501 U.S. at 801; Walker v. Endell, 850 F.2d 470, 473 (9th Cir. 1987), cert. denied, 488 U.S. 926, 981 (1988).

In Park, the Ninth Circuit held that the question of whether the application of a procedural rule was independent of federal law is assessed at the time the state court rejects a claim as procedurally defaulted, because the issue is whether the state court decision was based solely on state law. 202 F.3d at 1153; see also Bennett v. Mueller, 322 F.3d 573, 582 (9th Cir.), cert. denied, 540 U.S. 938 (2003) (assessing independence of procedural rule at the time the California Supreme Court rejected the state habeas petition).

Here, the date for considering the independence of the procedural rule is March 6, 2006, when the state superior court imposed the procedural bar against successive petitions by denying Petitioner's second habeas petition. This denial was not based on federal law; rather, it exclusively relied on a state procedural bar and did not address the merits of the claims presented. (Pet., Ex. A.) Thus, in the present case, the procedural bar against successive petitions was an independent state ground for the decision. See Coleman, 501 U.S. at 732-35.

The Court must also determine whether the procedural bar was an adequate state ground for the state court's decision. To be adequate, the state procedural bar cited must be "clear, consistently applied, and well-established at the time of the petitioner's purported default." Calderon, 96 F.3d at 1129 (citation omitted). The State's actual practice in applying the rule,rather than just its stated rule, must be examined. Powell v. Lambert, 357 F.3d 871, 879 (9th Cir. 2004).

5

The State bears the burden of proving the adequacy of a state procedural bar. <u>Bennett</u>, 322 F.3d at 585-86.

> Once the state has adequately pled the existence of an independent and adequate state procedural ground as an affirmative defense, the burden to place that defense in issue shifts to the petitioner. The petitioner may satisfy this burden by asserting specific factual allegations that demonstrate the inadequacy of the state procedure, including citation to authority demonstrating inconsistent application of the rule. Once having done so, however, the ultimate burden is the state's.

<u>Id.</u> at 586.

<u>Bennett</u> also provided a guidepost for the evidence to be considered in evaluating the adequacy issue: the district court should not delve into state court records to determine what the state court did to invoke the procedural bar. <u>Id.</u> at 583-84. The court explained that "precedent suggests any review should be limited to the language of the state court opinions" and not "based on a <u>post hoc</u> examination of the pleadings and record." <u>Id.</u> at 584.

Respondent identified Petitioner's second state habeas petition, pled the existence of an independent and adequate procedural bar and provided the state superior court's March 6, 2006's denial with a citation to <u>In re Clark</u>. These materials put at issue Respondent's affirmative defense of a procedural bar. <u>See</u> <u>Dennis v. Brown</u>, 361 F. Supp. 2d 1124 (N.D. Cal. 2005) (The respondent, asserting and alleging procedural default in an answer to a petition, "adequately pled the existence of an independent and adequate state procedural ground as an affirmative defense."). <u>In re Clark</u> stands for the proposition that, absent justification for a failure to present all known claims in a single, timely habeas petition, a successive petition will be denied. Because the state supreme court's denial of Petitioner's second habeas petition occurred years after <u>In re Clark</u> was decided, the procedural bar on successive petitions is clear and well-established. Hence, the sole contested issue is whether this procedural bar has been consistently applied.

Respondent adequately pled the existence of an independent and adequate state procedural ground as an affirmative defense and thus the burden shifted to Petitioner "to place that defense in issue." <u>Bennett</u>, 322 F.3d at 586. However, the Court finds that Petitioner has failed to satisfy his burden.

Petitioner first contends that his federal petition is not procedurally barred because his second habeas petition challenged a different judgement, the 2005 denial of parole, whereas his first

6

1 petition challenged the 2003 denial. However, Petitioner does not attach his second state habeas
2 petition to support his assertion that the state superior court erred in barring it as successive.[2] While
3 Petitioner claims the state superior court decision was in error, the record shows that Petitioner did
4 not challenge the state superior court's error in his subsequent petitions to the state appellate and
5 supreme courts. This failure is fatal to Petitioner's case because it left him with no avenue in federal
6 court to contest the state superior court's alleged error in finding his second habeas petition
7 successive. See House v. Bell, 547 U.S. 518, 522 (2006) ("Out of respect for the finality of
8 state-court judgments, federal habeas courts, as a general rule, are closed to claims that state courts
9 would consider defaulted.").

10 In the alternative, Petitioner asserts that this state procedural bar on successive petitions has
11 not been consistently applied. (Opp'n at 3.) In support of his argument, Petitioner referred to the
12 state court decisions of another prisoner named Roberto Urieta. Urieta filed a state habeas petition
13 in the Los Angeles County Superior Court challenging his parole denial in 2003, which was denied.
14 (Opp'n, Ex. B2.) Urieta then filed a habeas petition in the state appellate and supreme courts.
15 (Opp'n, Ex. B9, B10.) In 2004, Urieta was granted parole by the Board, but this parole grant was
16 reversed by the Governor. (Opp'n, Ex. B11.) Following the reversal of his parole grant, Urieta filed
17 a second state habeas petition in the Los Angeles County Superior Court, which was denied on the
18 ground that there was "some evidence" supporting the Governor's findings. (Opp'n, Ex. B14.)
19 Urieta again sought habeas relief in the state appellate and supreme courts, challenging the
20 Governor's reversal of his parole grant. (Opp'n, Ex. B16-B18.) In 2007, Urieta appeared for another
21 parole consideration hearing and was again denied parole. (Opp'n, Ex. B19.) Upon considering
22 Urieta's state habeas petition challenging the 2007 parole denial, the Los Angeles County Superior
23 Court concluded that there was "some evidence" supporting the Board's decision to deny parole.
24 (Id.)

---

[2] Had Petitioner attached his second habeas petition, the outcome would not change given that federal court review of a petition deemed procedurally barred by a state court "should be limited to the language of the state court opinions" and not "based on a post hoc examination of the pleadings and record." Bennett, 322 F.3d at 584. This limit prevents the reviewing federal court from delving into state court records "to determine what the state court did to invoke the procedural bar." Id. at 583-84. Thus, the Court must assume that the state superior court properly applied the procedural bar in dismissing Petitioner's second habeas petition as successive.

7

1    Petitioner's reference to Urieta's state court decisions does not aid his case because Urieta
2 challenged a different parole denial in each of his state superior court petitions, which renders the
3 procedural bar inapplicable to Urieta's subsequent petitions.  In contrast, Petitioner's second habeas
4 petition was deemed successive because the state superior court found that he challenged the same
5 2003 parole denial as in his first habeas petition. (Pet. at A10.)  Because the Court has determined
6 above that Petitioner fails to support his assertion that his second habeas petition challenged the
7 2005 denial, Petitioner cannot rely on Urieta's state court decisions to show that the state procedural
8 bar on successive petitions has not been consistently applied.

9    Respondent met his initial burden, and Petitioner failed to meet his burden in response.
10 Upon review of the materials in the record and the relevant case authority, and bearing in mind that
11 the ultimate burden of proof is Respondent's, the Court finds that Respondent has satisfactorily
12 established that California's procedural bar against successive petitions as applied in practice was an
13 adequate state ground for rejecting Petitioner's second habeas petition.  Accordingly, this bar will be
14 imposed against Petitioner absent an exception to it.

**III.    Exceptions to the Procedural Bar**

16    If, as here, the Court finds an independent and adequate state procedural ground supporting
17 the state court denial of a habeas petition, federal habeas review is barred unless the prisoner can
18 demonstrate cause for the procedural default and actual prejudice, or demonstrate that the failure to
19 consider the claims will result in a fundamental miscarriage of justice.  See Coleman, 501 U.S. at
20 750.

21    Petitioner does not raise the miscarriage of justice exception; therefore, the Court will only
22 address his attempt to show cause and prejudice. Petitioner asserts that: (1) the state courts' review
23 of his claims "under [the] wrong standards [sic] of review]" was cause for him filing a successive
24 petition, and (2) that under California Penal Code § 3041,[3] he is entitled to a parole release date in
25 proportion with prisoners having committed similar commitment offenses; thus, he was prejudiced

---

[3] "The release date shall be set in a manner that will provide uniform terms for offenses of similar gravity and magnitude in respect to their threat to the public . . . ." Cal. Penal Code § 3041(a).

8

1  because the state courts "appl[ied] the uniformity on the sentences requirement in an unreasonable
2  manner and increas[ed] [his] punishment to the greater offense . . . ."  (Opp'n at 7.)

3  The Court may reach the merits of procedurally defaulted claims in which Petitioner failed
4  to follow applicable state procedural rules in raising the claims if he shows cause and prejudice to
5  excuse his default.  The cause standard requires a petitioner to show that "some objective factor
6  external to the defense" impeded his efforts to comply with the state's procedural rule.  Murray v.
7  Carrier, 477 U.S. 478, 488 (1986).  Objective factors that constitute cause include interference by
8  officials that makes compliance with the state's procedural rule impracticable.  McCleskey v. Zant,
9  499 U.S. 467, 493-94 (1991).  To satisfy the prejudice part of the cause and prejudice test, the
10 petitioner must show actual prejudice resulting from the errors of which he complains.  See id.

11 Petitioner argues that the state courts' review of his habeas petitions using the wrong
12 standard impeded his efforts to comply with California's procedural rule against successive petitions.
13 (Opp'n at 6-7.)  However, the record shows that the state superior court relied on the "some
14 evidence" standard in reviewing his first habeas petition.  (Pet., Ex. A7.)  Petitioner's argument is
15 unavailing because the state superior court utilized the proper standard in denying the petition.  See
16 Superintendent v. Hill, 472 U.S. 445, 455 (1985) (A parole board's decision must be supported by
17 "some evidence" to satisfy the requirements of due process.).  Thus, Petitioner has failed to present a
18 cause sufficient to excuse the filing of a successive petition.  As a result, the Court also finds that he
19 has not shown resulting prejudice.  Therefore, the cause and prejudice exception to the procedural
20 default rule is unavailable to Petitioner.  Accordingly, the Court GRANTS Respondent's motion to
21 dismiss.

## CONCLUSION

23 For the foregoing reasons, Respondent's motion to dismiss the petition as procedurally
24 barred is GRANTED, and the petition is DISMISSED.  The Clerk of the Court shall terminate all
25 pending motions, enter judgment, and close the file.  This Order terminates Docket no. 4.

26 IT IS SO ORDERED.
27 DATED: 3/17/09

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
28 United States District Judge

P:\PRO-SE\SBA\HC.07\Arroyo3718.Dismiss(proDEFAULT).wpd  9

**United States District Court**
For the Northern District of California

1  UNITED STATES DISTRICT COURT
   FOR THE
2  NORTHERN DISTRICT OF CALIFORNIA

3

4  ARTEMIO ARROYO,                              Case Number: CV07-03718 SBA

5              Plaintiff,                       **CERTIFICATE OF SERVICE**

6      v.

7  BEN CURRY et al,

8              Defendant.
                                          /

9
   I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District
10 Court, Northern District of California.

11 That on March 18, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said
   copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said
12 envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle
   located in the Clerk's office.

13

14

15
   Artemio M. Arroyo C 20149
16 Correctional Training Facility (Soledad)
   BW-221
17 P.O. Box 689
   Soledad, CA 93960

18
   Dated: March 18, 2009
19                                              Richard W. Wieking, Clerk
                                                By: LISA R CLARK, Deputy Clerk
20

21

22

23

24

25

26

27

28

P:\PRO-SE\SBA\HC.07\Arroyo3718.Dismiss(proper DEFAULT).wpd        10