IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ARTEMIO ARROYO,

    Petitioner,

v.

BEN CURRY,

    Respondent.
_____/

No. C 07-03718 SBA (PR)

**ORDER DIRECTING RESPONDENT TO FILE A RESPONSE TO PETITIONER'S REQUEST FOR A CERTIFICATE OF APPEALABILITY**

Petitioner, proceeding pro se, filed a petition for a writ of habeas corpus pursuant to title 28 U.S.C. § 2254. The Court granted Respondent's motion to dismiss the petition. Petitioner has filed a notice of appeal and a request for a certificate of appealability (COA).

A petitioner may not appeal a final order in a federal habeas corpus proceeding without first obtaining a COA. See 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). Section 2253(c)(1) applies to an appeal of a final order entered on a procedural question antecedent to the merits. See Slack v. McDaniel, 529 U.S. 473, 483 (2000).

In its March 18, 2009 Order Granting Respondent's Motion to Dismiss, the Court dismissed the petition because Petitioner's federal petition was procedurally barred. The Court found that Respondent had satisfactorily established that California's procedural bar against successive petitions as applied in practice was an adequate state ground for rejecting Petitioner's January 18, 2006 state habeas petition, which allegedly challenged his 2003 parole denial.[1] The Court further determined that this bar should be imposed against Petitioner because he failed to demonstrate that an exception to the procedural default rule was available to him.

In his request for a COA, Petitioner claims this Court "erroneously granted Respondent's motion to dismiss." (Req. for COA at 2.) Petitioner states: "The United States District Court

---

[1] A copy of Petitioner's second state habeas petition filed on January 18, 2006 was not originally submitted as an exhibit when the Court resolved Respondent's motion to dismiss.

erroneously found that petitioner's second habeas petition was deemed successive because the Superior Court found that he challenged the same 2003 parole denial as in his first habeas petition." (Id. at 4.) He adds that "[a]t no time neither on his state court petitions nor at his federal petition [did] petitioner attached [sic] a copy of his 2003 parole consideration hearing transcript. Then how could petitioner be challenging the 2003 parole denial?" (Id. at 3.)

Furthermore, Petitioner takes issue with the following statement in the Court's March 18, 2009 Order: "The Court notes that nowhere in his federal petition nor in the attached exhibits did Petitioner claim that his second habeas petition challenged the 2005 parole denial." (Id. at 3 (quoting Mar. 18, 2009 Order at 2).) He claims that "[i]n his petitions to the California Court of Appeals and to the California Supreme Court petitioner clearly state[s] that the last parole consideration hearing was held on July 12, 2005 [and] [t]hat a copy of the Parole Suitability Hearing Transcript [from the 2005 hearing] was [attached] at Exhibit 'H'." (Id. at 3.)

Petitioner seems to be arguing that he attempted to exhaust his claim challenging the 2005 parole denial; however, the state superior court erred in its procedural ruling finding that his second state habeas petition was successive. Therefore, Petitioner claims that this Court erred in granting Respondent's motion to dismiss his federal petition as procedurally barred.

Based on Petitioner's factual arguments that this Court has erred in its March 18, 2009 dismissed of his petition, the Court directs Respondent to respond to Petitioner's arguments before it can resolve the pending request for a COA.

## **CONCLUSION**

Based on the foregoing, the Court directs Respondent no later than **twenty (20) days** from the date of this Order: (1) to respond to Petitioner's arguments in his request for a COA; (2) to show cause why the Court should not construe Petitioner's request for a COA as a motion for reconsideration of the Court's March 18, 2009 Order Granting Respondent's Motion to Dismiss; and (3) to attach a copy of Petitioner's second habeas petition filed in the San Joaquin County Superior Court on January 18, 2006. This matter will be submitted once Respondent files his response. At that time, the Court will resolve the pending request for a COA in a separate written Order.

1    IT IS SO ORDERED.
2    DATED: 2/8/10

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

28   P:\PRO-SE\SBA\HC.07\Arroyo3718.fileRESPONSE.wpd

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

ARTEMIO ARROYO,

    Plaintiff,

v.

BEN CURRY et al,

    Defendant.

Case Number: CV07-03718 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 11, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Artemio M. Arroyo C 20149
Correctional Training Facility (Soledad)
BW-221
P.O. Box 689
Soledad, CA 93960

Dated: February 11, 2010

Richard W. Wieking, Clerk
By: LISA R CLARK, Deputy Clerk

P:\PRO-SE\SBA\HC.07\Arroyo3718.fileRESPONSE.wpd