IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTEMIO ARROYO, | No. C 07-03718 SBA (PR) |
| Petitioner, | **ORDER DENYING REQUEST FOR CERTIFICATE OF APPEALABILITY** |
| v. | |
| BEN CURRY, | (Docket no. 10) |
| Respondent. | |

Petitioner, proceeding pro se, filed a petition for a writ of habeas corpus pursuant to title 28 U.S.C. § 2254. The Court granted Respondent's motion to dismiss the petition. Petitioner has filed a notice of appeal and a request for a certificate of appealability (COA).

A petitioner may not appeal a final order in a federal habeas corpus proceeding without first obtaining a COA. See 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). Section 2253(c)(1) applies to an appeal of a final order entered on a procedural question antecedent to the merits. See Slack v. McDaniel, 529 U.S. 473, 483 (2000).

"Determining whether a COA should issue where the petition was dismissed on procedural grounds has two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding." Id. at 484-85. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. at 484. As each of these components is a "threshold inquiry," the federal court "may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." Id. at 485. Supreme Court jurisprudence "allows and encourages" federal courts to first resolve the procedural issue, as was done here. See id.

In its March 18, 2009 Order, the Court granted Respondent's Motion to Dismiss because Petitioner's federal petition was procedurally barred. The Court found that Respondent had satisfactorily established that California's procedural bar against successive petitions as applied in practice was an adequate state ground for rejecting Petitioner's January 18, 2006 state habeas petition, which allegedly challenged his 2003 parole denial.[1] The Court further determined that this bar should be imposed against Petitioner because he failed to demonstrate that an exception to the procedural default rule was available to him.

In his request for a COA, Petitioner claims this Court "erroneously granted Respondent's motion to dismiss." (Req. for COA at 2.) Petitioner states: "The United States District Court erroneously found that petitioner's second habeas petition was deemed successive because the Superior Court found that he challenged the same 2003 parole denial as in his first habeas petition." (Id. at 4.) He adds that "[a]t no time neither on his state court petitions nor at his federal petition [did] petitioner attached [sic] a copy of his 2003 parole consideration hearing transcript. Then how could petitioner be challenging the 2003 parole denial?" (Id. at 3.)

Furthermore, Petitioner takes issue with the following statement in the Court's March 18, 2009 Order: "The Court notes that nowhere in his federal petition nor in the attached exhibits did Petitioner claim that his second habeas petition challenged the 2005 parole denial." (Id. at 3 (quoting Mar. 18, 2009 Order at 2).) He claims that "[i]n his petitions to the California Court of Appeals and to the California Supreme Court petitioner clearly state[s] that the last parole consideration hearing was held on July 12, 2005 [and] [t]hat a copy of the Parole Suitability Hearing Transcript [from the 2005 hearing] was [attached] at Exhibit 'H'." (Id. at 3.)

Petitioner seems to be arguing that he attempted to exhaust his claim challenging the 2005 parole denial; however, the state superior court erred in its procedural ruling finding that his second state habeas petition was successive. Therefore, Petitioner claims that this Court erred in granting Respondent's motion to dismiss his federal petition as procedurally barred.

---

[1] A copy of Petitioner's second state habeas petition filed on January 18, 2006 was not originally submitted as an exhibit when the Court resolved Respondent's motion to dismiss.

In an Order dated February 11, 2010, the Court directed Respondent to file a response to Petitioner's request for a COA. Specifically, Respondent was directed as follows:

> (1) to respond to Petitioner's arguments in his request for a COA; (2) to show cause why the Court should not construe Petitioner's request for a COA as a motion for reconsideration of the Court's March 18, 2009 Order Granting Respondent's Motion to Dismiss; and (3) to attach a copy of Petitioner's second habeas petition filed in the San Joaquin County Superior Court on January 18, 2006.

(Feb. 11, 2010 Order at 2.)

On March 4, 2010, Respondent filed an opposition to Petitioner's request for a COA and attached a copy of the January 18, 2006 state habeas petition. In the opposition, Respondent "denies that Petitioner is entitled to either a COA or reconsideration of the Order dismissing his Petition." (Opp'n at 2.) Respondent argues that Petitioner "fails to demonstrate that jurists of reason would find it debatable whether the procedural ruling was correct." (Id. at 3.) Respondent further argues that "while it appears that Arroyo's superior court petition did indeed challenge his 2005 hearing, rather than his 2003 hearing, he failed to challenge this error at any level in the state courts." (Id. (citing Resp't Exs. 2, 3).) Respondent further points out that Petitioner "did not file a motion for reconsideration in the superior court, . . . nor did he address the superior court's decision in the California Court of Appeal or California Supreme Court. (Id. (citations omitted).) Because Petitioner never presented his procedural claim squarely to the state courts, Respondent argues that "any attempt to raise it at the federal level is improper." (Id. (citing House v. Bell, 547 U.S. 518, 522 (2006) (It is well established that "federal habeas courts, as a general rule, are closed to claims that state courts would consider defaulted.")).)

In its March 18, 2009 Order Granting Respondent's Motion to Dismiss, this Court pointed out that Petitioner's failure to address the superior court's alleged error in the state courts was "fatal to Petitioner's case because it left him with no avenue in federal court to contest the state superior court's alleged error in finding his second habeas petition successive." (Mar. 18, 2009 Order at 7.) The Court further noted that even if Petitioner could have supported his assertion that the state superior court erred in barring his petition as successive, "the outcome would not change given that

federal court review of a petition deemed procedurally barred by a state court 'should be limited to the language of the state court opinions' and not 'based on a post hoc examination of the pleadings and record.'" (Mar. 18, 2009 Order at 7 n.2 (citing Bennett v. Mueller, 322 F.3d 573, 584 (2003).) Because the Court was limited to the language in the state superior court's opinion rejecting Petitioner's January 18, 2006 state habeas petition as successive, jurists of reason would not have found it debatable whether the Court was correct in finding that his federal petition was procedurally barred.

In sum, the Court has reviewed its Order Granting Respondent's Motion to Dismiss. The petition was dismissed because Petitioner's federal petition was procedurally barred. The Court found that Respondent has satisfactorily established that California's procedural bar against successive petitions as applied in practice was an adequate state ground for rejecting Petitioner's January 18, 2006 state habeas petition. The Court further determined that this bar should be imposed against Petitioner because he failed to demonstrate that an exception to the procedural default rule was unavailable to him. And, as mentioned above, while Petitioner again attempts to argue in his COA request that the state superior court erred in its procedural ruling, he fails to demonstrate that jurists of reason would find it debatable whether this Court's procedural ruling was correct. Accordingly, the request for a COA is DENIED.

The Clerk of the Court shall forward to the Ninth Circuit Court of Appeals the case file, the Court's Order Granting Respondent's Motion to Dismiss, and this Order. See United States v. Asrar, 116 F.3d 1268, 1270 (9th Cir. 1997).

This Order terminates Docket no. 10.

IT IS SO ORDERED.

DATED: 3/16/10

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge

P:\PRO-SE\SBA\HC.07\Arroyo3718.denyCOA.wpd 4

United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

ARTEMIO ARROYO,

        Plaintiff,

  v.

BEN CURRY et al,

        Defendant.

Case Number: CV07-03718 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 17, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Artemio M. Arroyo C 20149
Correctional Training Facility (Soledad)
BW-221
P.O. Box 689
Soledad, CA 93960

Dated: March 17, 2010

        Richard W. Wieking, Clerk
        By: LISA R CLARK, Deputy Clerk

P:\PRO-SE\SBA\HC.07\Arroyo3718.denyCOA.wpd

5